In re **MILO RIDGE RESORT & EXECUTIVE CONFERENCE CENTER d/b/a Rose Island Yacht Club, George Dumstorf, Jr., General Partner, Debtor.**

**UNITED KENTUCKY BANK, Plaintiff,**

v.

**MILO RIDGE RESORT & EXECUTIVE CONFERENCE CENTER d/b/a Rose Island Yacht Club, George Dumstorf, Jr., General Partner, Defendant.**

Bankruptcy No. 3–82–02467.
Adv. No. 3–82–0423.

United States Bankruptcy Court, W.D. Kentucky.

March 22, 1983.

Stewart E. Bland, Louisville, Ky., for plaintiff.

Fonda V. McClellan, LaGrange, Ky., for debtor-in-possession.

### MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

Pursuant to order of this Court in its Memorandum and Order entered January 6, 1983, a hearing was held on March 14, 1983, for a report relative to the new financing arrangements which, if achieved, would resolve the complaint to lift the stay filed by United Kentucky Bank (UKB). At the hearing, the debtor-in-possession filed a "Response and a Proposed Plan of Reorganization" which purports to address the plaintiff's complaint.

In the initial hearing on January 5, 1983, the complaint to lift the stay was denied upon the debtor's representation that on or before March 14, 1983, a new financing source would be obtained which together with new investors would permit the entire claim of UKB to be satisfied in full. At the hearing on March 14, 1983, the debtor advised that the refinancing and new investors had not been obtained, and alternatively proposed that a new partnership arrangement would be created with an additional $800,000.00 investment. Further, a tentative commitment for new financing from a local banking institution had been obtained but was contingent upon the ability to grant said lender a first mortgage position on the real estate in question. The debtor's proposal further provides that four of the new investors must be relieved of their present personal guarantees on the United Kentucky Bank obligation.

Based on testimony at the hearing, it was determined that the claim of K.A. Barker Construction Company, a current second mortgage holder on the property, must likewise be settled in some fashion in order to grant to the new lender a first mortgage position. In view of the uncertainties in securing the monies needed from the new lender to satisfy the plaintiff's claim, the contingencies which attend the procurement of the investment money and the settlement of the Barker claim, it is the opinion of the Court that these efforts, while promising, have at this time failed the test of adequate protection pursuant to 11 U.S.C. § 361, and further failed to fulfill the assurances proffered by the debtor at the original hearing.

The testimony at the original hearing disclosed that the plaintiff's appraiser established a valuation on the property in question of $536,500.00 by use of comparable values. The debtor's appraiser established a value for said property of approximately $1,500,000.00 using a cost analysis process. Accepting the debtor's $1,500,000.00 valuation against which there is a first mortgage encumbrance of $1,334,000.00 and a second mortgage of $300,000.00, it is the opinion of the Court that there is no equity in the property and that the plaintiff has met its burden of proof pursuant to 11 U.S.C. § 362(d)(2), which states in pertinent part:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

In addition, § 362(g) states:

"In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and

(2) the party opposing such relief has the burden of proof on all other issues."

The Court further finds that while the debtor has established that the realty in issue is necessary for its rehabilitation, it has been unable to meet its responsibility of providing adequate protection to this creditor under 11 U.S.C. § 361. Section 361, 11 U.S.C., provides that:

"When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable, under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

The failure to achieve the refinancing within the time frame established by the debtor for this purpose and which this Court on January 5, 1983, determined was reasonable lends little credence to the granting of a further extension of time under the contingencies and uncertainties attendant to the debtor's latest proposal. There is no additional collateral offered to adequately protect the plaintiff, nor is there certainty of new investment capital in view of the investors' contingencies. Further, the procurement of a new lending source is conditioned upon the acceptance of a plan by all creditors as well as the settlement of the second mortgage interest of K.A. Barker Construction Company.

It is realized that the granting of this relief will impose a harsh result on the debtor and virtually eliminate any hoped for rehabilitation, yet the plaintiff as the primary creditor has compelling interests which are recognized under the Bankruptcy Code. Where adequate protection does not exist, this Court has no alternative but to grant the relief sought. Thus, good faith and honest intentions of the debtor alone will not suffice where the capabilities of the debtor are so glaringly inadequate.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing and the plaintiff having met its burden of proof as to entitlement of the relief sought, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the automatic stay pursuant to 11 U.S.C. § 362, be and the same is hereby terminated as it pertains to plaintiff, United Kentucky Bank. This is a final order.